# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ROYCE HALL,<br>*Plaintiff*<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, R. MACHER, KOLTEN MACHER, and STATE FARM INSURANCE COMPANY,<br>*Defendants* | § § § § § § § § § §   Case No. 1:24-CV-00012-RP-SH |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Royce Hall's Complaint (Dkt. 1) and Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 2), both filed January 4, 2024. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

### I. Background

Plaintiff Royce Hall, who is proceeding *pro se*, sues Defendants Allstate Insurance Company, R. Macher, Kolten Macher, and State Farm Insurance Company over a car accident.[1] Complaint, Dkt. 1.

---

[1] Hall attempted to remove three probate actions from Travis County Probate Court to this Court in December 2023. The District Court remanded all three cases and dismissed Hall's notices of removal as frivolous after a report and recommendation from this Magistrate Judge. *Hall v. Crane*, No. 1:23-CV-1477-RP, 2024 WL 348529 (W.D. Tex. Jan. 29, 2024); *Hall v. Crane*, No. 1:23-CV-1519-RP, 2024 WL 332930 (W.D. Tex. Jan. 29, 2024); *Hall v. Crane*, No. 1:23-CV-1520-RP, 2024 WL 332932 (W.D. Tex. Jan. 29, 2024).

## II. Application to Proceed *In Forma Pauperis*

After reviewing Hall's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Hall *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Hall is also advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed the claims in the Complaint under 28 U.S.C. § 1915(e)(2) and recommends that Hall's lawsuit should be dismissed. Service on Defendants should be withheld pending the District Court's review of these recommendations.

## III. Section 1915(e)(2) Frivolousness Review

Because Hall has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under Section 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim on which relief may be granted. *Id.* A *pro se* complaint must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Hall alleges that on December 28, 2022, "Ms. Macher," who was insured by Allstate, ran into the back of his car. Dkt. 1 at 2. He alleges that the accident damaged his car and cleaning supplies inside the trunk. *Id.* Hall alleges that he was insured by State Farm, but State Farm denied coverage for personal injury and property damage and was "negligent in not assisting me with my claims against Allstate." *Id.* at 3.

Hall alleges no facts against the Machers except that one of them caused the car accident. *Id.* at 2. He also alleges no facts against Allstate other than that it insured "Ms. Macher" and Hall filed a claim with Allstate. *Id.* at 2-3. Construing the Complaint liberally, Hall does not appear to assert any cause of action against the Machers or Allstate. The Court finds that his claims against them are frivolous.

Hall alleges that State Farm denied coverage in bad faith and because of his sex, age, and race. *Id.* at 3. To succeed on a claim for an insurer's violation of the common law duty of good faith and fair dealing, a plaintiff must show that "the insurer knew or should have known that it was reasonably clear that the claim was covered." *Peterson v. State Farm Lloyds*, 242 F. Supp. 3d 557, 562 (W.D. Tex. 2017) (citation omitted). A claim for statutory bad faith under the Texas Insurance Code or Deceptive Trade Practices Act also must show "the elements necessary to demonstrate an insurer's breach of the common law duty of good faith and fair dealing." *Id.* at 563 (citation

omitted). Hall alleges that he had "full coverage" with State Farm, which he believed included personal property and personal injury coverage, but does not allege that it was reasonably clear to State Farm that his claim fell within his policy. Dkt. 1 at 3. Hall's belief that his policy covered more than it did is not relevant to what State Farm knew or should have known, so he has not stated a claim of "bad faith" against State Farm.

Hall also appears to bring a claim under 42 U.S.C. § 1981 against State Farm for discrimination in the wrongful denial of insurance coverage. *Id.* at 1, 3. Section 1981 applies only to claims for racial discrimination, and a claim under Section 1981 requires allegations that (1) the plaintiff is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one of the activities enumerated in Section 1981 – here, the right to make and enforce contracts. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). A plaintiff must show more than conclusory allegations of discriminatory intent, but discriminatory intent can be demonstrated by circumstantial evidence, such as allegations of disparate treatment. *Id.*

Hall alleges that he is Black and that State Farm excluded him from coverage for the accident because of his race. Dkt. 1 at 1, 3. He alleges that State Farm informed him that personal property and personal injury coverage were not included in his plan. *Id.* But Hall alleges no facts that would support a finding of discriminatory intent. He does not allege that State Farm employees made any statements about his race, or that other similarly situated individuals were treated differently based on their race. He has not stated a claim against State Farm under Section 1981. Similarly, Hall alleges no facts related to discrimination based on his age or sex comprising more than mere "labels and conclusions." *Twombly*, 550 U.S. at 555.

Hall also seeks damages for "defamation" and alleges that State Farm was "negligent in not assisting" with his Allstate claim. *Id.* at 1, 3. To state a claim for defamation under Texas law, a plaintiff must allege, among other things, "the publication of a false statement of fact to a third party." *Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 417 (Tex. 2020). Hall does not allege that any Defendant made a false statement or any facts related to State Farm's treatment of his claim with Allstate. The Court finds that Hall has not pleaded facts sufficient to "raise a right to relief above the speculative level" on these claims. *Twombly*, 550 U.S. at 555.

Because Hall does not assert a cause of action against Allstate or the Machers and fails to state a claim against State Farm, this Magistrate Judge recommends that his claims be dismissed.

## IV.  Order

The Court **GRANTS** Plaintiff Royce Hall's Application to Proceed *In Forma Pauperis* (Dkt. 2).

## V.  Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Hall's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## VI.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days

after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 6, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE